UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN SPINE AND BRAIN
SURGEONS, P.L.L.C, *et al.*,

     Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

     Defendant.

Case No. 16-cv-12596
Hon. Matthew F. Leitman

_____/

### ORDER SUA SPONTE RECONSIDERING IN PART AND CONFIRMING IN PART ORAL RULING ON DEFENDANT'S MOTION IN LIMINE (ECF No. 43) AND DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFS

On September 11, 2019, the Court heard argument on Defendant State Farm's motion in limine. (ECF No. 43.) In that motion, State Farm sought to exclude evidence of payments it previously made to Plaintiff Lena LaPrad. The motion addressed two different types of payments made by State Farm: voluntary payments after LaPrad's accident and a payment made to Ms. LaPrad in settlement of a prior claim against State Farm. After hearing argument on the motion, the Court orally ruled that it would grant the motion in part and deny it in part. More specifically, the Court ruled that Plaintiffs Lena LaPrad and Michigan Spine and Brain Surgeons

would not be permitted to admit evidence of the prior settlement payment but would be permitted to introduce evidence of the prior voluntary payments.

The arguments before the Court did not focus on State Farm's argument in its motion that FRE 409 requires the Court to exclude evidence of the prior voluntary payments. Under FRE 409, "Evidence of furnishing, promising to pay, or offering to pay medical, hospital, or similar expenses resulting from an injury is not admissible to prove liability for the injury." State Farm raised its FRE 409 argument in its motion, but State Farm did not substantially develop that argument.

After the hearing, the Court began to question whether FRE 409 may, in fact, require the Court to exclude evidence of State Farm's prior voluntary payments. Before the Court resolves this issue, the Court would benefit from supplemental briefing by the parties regarding whether State Farm's prior voluntary payments were a "furnishing" of "medical, hospital, or similar expenses resulting from an injury" that Plaintiffs will use "to prove [State Farm's] liability for the injury." Accordingly, IT IS HEREBY ORDERED THAT:

1.     The portion of the Court's oral ruling on the motion in limine allowing Plaintiffs to introduce evidence of State Farm's prior voluntary payments is VACATED;

2.     Each Plaintiff and Defendant shall file a supplemental brief addressing whether FRE 409 requires the Court to exclude evidence of the prior voluntary

payments.  The parties are directed to cite and discuss federal decisions applying FRE 409 to payments made by insurance companies.  The parties are also directed to identify in their supplemental briefs all voluntary payments – other than the prior settlement payment – that State Farm made to or on behalf of LaPrad after the accident.  Each party shall file its supplemental brief by October 4, 2019;

3.     The portion of the Court's oral ruling excluding evidence of State Farm's prior settlement payment to Ms. LaPrad is CONFIRMED, and Plaintiffs shall not offer evidence of that payment.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 16, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 16, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764