UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN SPINE AND BRAIN
SURGEONS, P.L.L.C, *et al.*,

     Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

     Defendant.

Case No. 16-cv-12596
Hon. Matthew F. Leitman

_____/

## ORDER (1) DENYING PLAINTIFF'S MOTION TO STRIKE EXPERT TESTIMONY (ECF NO. 56); (2) GRANTING DEFENDANT'S MOTION TO STRIKE EXPERT CAUSATION TESTIMONY (ECF NO. 57); AND (3) GRANTING DEFENDANT'S MOTION IN LIMINE (ECF NO. 58)

The Court held a Final Pretrial Conference in this action on November 7, 2019. At that conference, the Court ruled on several pending pretrial motions. For the reasons explained on the record at the Final Pretrial Conference, **IT IS HEREBY ORDERED** that:

- Plaintiff's motion to strike expert testimony (ECF No. 56) is **DENIED**;

- Defendant's motion to strike expert causation testimony (ECF No. 57) is **GRANTED**[1]; and

---

[1] As described on the record, the Court denied Plaintiff's motion to strike Defendant's expert testimony in part because Plaintiff could have raised her concern about Defendant's expert disclosures much earlier and could have filed the motion

- Defendant's motion in limine to preclude any reference to privileged and/or protected materials (ECF No. 58) is **GRANTED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 8, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 8, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

---

to exclude the experts in accordance with the Court's scheduling order. The same is not true with Defendant's motion to strike Plaintiff's expert causation testimony. In that motion, Defendant sought to strike portions of testimony from Plaintiffs' two treating physicians in which the physicians offered their opinion on the cause of Plaintiff's injuries. As the Court explained, Plaintiff never designated her treating physicians as experts, and Defendant therefore had no reason to expect that the doctors would offer expert opinion testimony in this action. It was not until the eve of trial, when the parties convened to take the video trial testimony of the physicians, that Defendant learned for the first time that the doctors would be offering opinion testimony on the cause of Plaintiff's injuries. Thus, Defendant could not have filed its motion to strike the expert causation testimony any earlier than it did. Moreover, by failing to timely designate her treating physicians as experts as required by the Federal Rules of Civil Procedure, Plaintiff deprived Defendant of the opportunity to conduct discovery into the bases of the opinions and to prepare to counter those opinions when offered as part of the physicians' trial testimony.